UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASSANDRA THOMPSON,

                              Plaintiff,

              -against-

DENIS R. McDONOUGH, Secretary,
Department of Veterans Affairs;
CHRISTINE CARBALLO, Chief Material
Management, Department of Veterans
Affairs; MICHAEL INGINO, Associate
Director, Department of Veterans Affairs,

                              Defendants.

1:22-CV-3788 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Cassandra Thompson, of Brooklyn, New York, who appears *pro se*, filed this

action under Title VII of the Civil Rights of Act of 1964 ("Title VII"), the Americans with

Disabilities Act of 1990 ("ADA"), the Rehabilitation Act of 1973, the Family and Medical Leave

Act of 1993, 42 U.S.C. § 1981, as well as claims under state law, including claims under the New

York State and City Human Rights Laws. Plaintiff asserts claims of employment discrimination

and retaliation arising from her employment with the United States Department of Veterans

Affairs ("VA"), and sues: (1) Denis R. McDonough, Secretary of the VA; (2) Christine Carballo,

Chief of Material Management for the VA; and (3) Michael Ingino, Associate Director of the VA.

By order dated May 13, 2022, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, the

Court directs Plaintiff to show cause by declaration, within 30 days, why the Court should not

transfer this action to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Claims under Title VII, the ADA, and the Rehabilitation Act must be brought:

in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (Title VII's venue provision); *see* 42 U.S.C. § 12117(a) (the ADA incorporates by reference Title VII's venue provision); 29 U.S.C. § 794a(a)(1) (same with respect to the Rehabilitation Act).

Plaintiff alleges that the events giving rise to her claims occurred while she was employed at a VA facility in Brooklyn, Kings County, New York. (ECF 1, at 5; ECF 1-1, at 3.) Kings County lies within the Eastern District of New York. 28 U.S.C. § 112(c). A decision issued by the United States Equal Employment Opportunity Commission ("EEOC"), which is attached to the complaint, however, suggests that the events giving rise to Plaintiff's claims occurred while Plaintiff was employed at a VA facility in Manhattan, New York County, New York. (ECF 1-2, at 1-2.). New York County lies within this judicial district, the Southern District of New York. § 112(b). Plaintiff does not specify where any records relevant to her claims are maintained and administered. She does suggest, however, that the defendants' principal offices are located in Washington, D.C. (*See* ECF 1, at 4; ECF 1-1, at 2-3.)

Based on what is alleged in the complaint, it appears that any federal district court within New York State, including this court and the United States District Court for the Eastern District of New York, is a proper venue for Plaintiff's claims under Title VII, the ADA, and the Rehabilitation Act. If not, because the defendants appear to have their principal offices in

Washington, D.C., then the United States District Court for the District of Columbia is a proper venue for such claims.

With respect to Plaintiff's remaining claims against the defendants, who are all federal officers or employees who are apparently sued in their official capacities or for acting under color of their legal authority, the applicable venue provision is found at 28 U.S.C. § 1391(e)(1), which provides that such claims:

> may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). For venue purposes, a person resides in the district where he or she is "domiciled." *See* § 1391(c)(1).

Plaintiff, who resides in Brooklyn, does not specify where any of the defendants reside. As discussed above, while Plaintiff alleges that the events that are the basis for her claims occurred while she was employed at a VA facility in Brooklyn, the EEOC decision attached to her complaint suggests that those events occurred while she was employed at a VA facility in Manhattan. There is no real property at issue in this action.

Because Plaintiff resides in Brooklyn, the Eastern District of New York is a proper venue for Plaintiff's remaining claims under Section 1391(e)(1)(C). If a substantial part of the events or omissions giving rise to Plaintiff's remaining claims occurred in Brooklyn, then the Eastern District of New York is also a proper venue for such claims under Section 1391(e)(1)(B). If they occurred in Manhattan, however, then this court is a proper venue for such claims under Section 1391(e)(1)(B).

In light of Plaintiff's explicit allegations that the events giving rise to her claims occurred in Brooklyn and that she also resides in Brooklyn, and "in the interest of justice," the Court is

3

inclined to transfer this action to the Eastern District of New York under 28 U.S.C. § 1404(a). The Court thus directs Plaintiff to show cause by declaration why the Court should not transfer this action to the Eastern District of New York under Section 1404(a). Plaintiff may address in her declaration such factors as the convenience of the witnesses and parties, the location of relevant documents, and the weight that should be afforded to her choice of the venue in which she filed her complaint.

## CONCLUSION

The Court directs Plaintiff to show cause by declaration, within 30 days of the date of this order, why the Court should not transfer this action to the United States District Court for the Eastern District of New York under 28 U.S.C. § 1404(a). A declaration form is attached to this order. If Plaintiff fails to file a declaration within the time allowed, or fails to show cause, the Court will transfer this action to the Eastern District of New York under Section 1404(a).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 31, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge